## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHATAKA R.,

      Plaintiff,

      v.

FRANK BISIGNANO,
  COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 25 CV 2337

Magistrate Judge McShain

### MEMORANDUM OPINION AND ORDER

Plaintiff Chataka R. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse the Commissioner's decision [17] is granted, the Commissioner's motion for summary judgment [18] is denied, and the case is remanded for further administrative proceedings.[1]

## Background

In August 2021, plaintiff applied for a period of Title II disability and disability insurance benefits, alleging an onset date of February 28, 2021. [12-1] 18. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge. [*Id.*] 18, 30. The Appeals Council denied review in January 2025, [*Id.*] 1–3, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955, 404.981. Plaintiff has appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. [12-1] 21. At step two, the ALJ determined that plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, peripheral neuropathy, right carpal tunnel syndrome, hypertension, alcohol abuse, tobacco abuse, [and] obesity" [*Id.*] 21–22. At step three, the ALJ concluded that plaintiff's impairments did

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record, [12-1]; [12-2], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [7].

not meet or equal the severity of a listed impairment. [*Id.*] 22–23. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform sedentary work except that she (1) could only lift up to ten pounds occasionally, but less than ten pounds frequently; (2) could stand or walk up to two hours per eight hour work day, and sit for at least 6 hours per 8 hour workday, with normal breaks; (3) could never kneel, crawl or climb ladders, ropes or scaffolds; (4) could occasionally climb ramps or stairs, balance, stoop, and crouch; (5) could frequently reach, handle objects (gross manipulation) and finger (fine manipulations); (6) must avoid all exposure to dangerous moving machinery and unprotected heights; and (7) was limited to jobs that can be performed while using a hand held assistive device (cane) when walking. [*Id.*] 23–28. At step four, the ALJ held that plaintiff could not perform her past relevant work. [*Id.*] 29. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: order clerk (164,000 jobs), telephone clerk (866,000 jobs), and account clerk (169,000 jobs). [*Id.*] 29–30. Accordingly, the ALJ ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because the ALJ (1) "did not explain the basis for finding that [p]laintiff needed a cane, but not a walker[;]" (2) "did not properly evaluate the opinion of Maureen Marquez, APN[;]" and (3) "failed to evaluate [p]laintiff's symptoms according to the requirements of SSR 16-3p." [17] 1. The Court agrees that the ALJ's discussion regarding plaintiff's need for a cane, but not a walker, was insufficient for this Court to determine if the ALJ's decision was supported by substantial evidence. Accordingly, the Court finds that remand is warranted to correct this error.

An RFC is the ALJ's description of the maximum type or level of work a plaintiff can do despite her limitations. *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). That unique RFC, along with other factors, is then used by a vocational expert

to testify regarding what, if any, jobs exist in the national economy that plaintiff could perform. *See e.g.*, *Gail A. v. Kijakazi*, No. 22 CV 7248, 2023 WL 8451697, at *4 (N.D. Ill. Dec. 6, 2023). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "The ALJ must explain [his] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v. Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2 (N.D. Ill. Mar. 22, 2022) (citation modified).

In the section of his opinion crafting plaintiff's RFC, the ALJ acknowledged that plaintiff "was prescribed a cane and walker[,]" and "has a walker, cane, and a shower bench at home[.]" [12-1] 24, 26, 28. The ALJ then cited several other treatment notes that appeared to indicate that plaintiff may not need any assistive device to walk. First, there was the note that recorded "[o]n exam, she was ambulating normally[.]" [*Id.*] 25, 28 (citing [12-2] 755.). Although, as plaintiff points out, the ALJ did not mention the "irregular" gait notation that appears just four lines later in the same note. [17] 4; [12-2] 755. Next, the ALJ cited a treatment note which recorded plaintiff "was trying to be more active and going for walks 5 days a week[.]" [12-1] 26, 28 (citing [12-2] 740.). But this treatment note did not indicate whether plaintiff was completing these walks without a walker. [12-2] 740. The ALJ also cited a record stating that plaintiff came to a physical therapy appointment without an assistive device. [12-1] 26 (citing [12-2] 917.). Finally, the ALJ cited several treatment notes that indicated plaintiff was feeling better and making improvements. [*Id.*] 26. The ALJ listed all these treatment notes with virtually no comment or analysis. [*Id.*] 25–26

In addition to the treatment notes, the ALJ also discussed the opinions of Maureen Marquez, APN, and of two state agency medical consultants. [*Id.*] 27–28. APN Marquez opined that plaintiff had several work-related limitations, including the required use of a cane or walker. [*Id.*] 28; [12-2] 717. The state agency medical consultants opined that plaintiff's RFC limited her to sedentary work but made no mention of any requirement for a cane or walker. [12-1] 28, 75–77, 86–89. The ALJ explained that he found the opinion of APN Marquez "not persuasive" because she did not reference specific treatment notes, did not consider plaintiff's improvement in physical therapy, and her opinion was inconsistent with certain treatment notes appearing to indicate that plaintiff had the ability to walk without an assistive device. [*Id.*] 28. The ALJ also found the opinions of the state agency medical consultants "somewhat persuasive". [*Id.*] 27. However, the Court is unsure of the ALJ's reasons for that finding, because the ALJ did not discuss the supportability or consistency of either state agency medical consultants' opinions. [*Id.*]; *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023) ("An ALJ's decision must explain how []he considered the factors of supportability and consistency" when articulating how persuasive he finds each medical opinion).

In summary, there is no opinion or record evidence that explicitly states that plaintiff needs a cane but does not need a walker. Yet that is what the ALJ determined was appropriate for plaintiff's RFC. The ALJ does not need to adopt a medical opinion when fashioning an RFC. *Vang v. Saul*, 805 F. App'x 398, 401–02 (7th Cir. 2020); *Fanta v. Saul*, 848 F. App'x 655, 658 (7th Cir. 2021). However, the ALJ must still "tie[] the record evidence to the limitations included in the RFC finding." *Vang*, 805 F. App'x at 402 (quoting *Jozefyk v. Berryhill*, 923 F.3d 492, 497–98 (7th Cir. 2019)).

The Commissioner argues that, while the ALJ never actually discussed how or why he determined that plaintiff needed a cane but not a walker, by listing treatment notes which indicated that plaintiff did not need either a cane or a walker, "the ALJ's reasoning [is] clear." [18] 5. According to the Commissioner, the ALJ primarily agreed with the state agency medical consultants over APN Marquez's opinion, but also "broke in plaintiff's favor" after reviewing all the evidence to allow the use of a cane. [*Id.*] 2–3.

The problem with the Commissioner's argument is that the ALJ never articulated that, or any, reasoning for the RFC. An ALJ's decision is required to "provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Warnell*, 97 F.4th at 1054 (citation modified). "At times, we have put this in the shorthand terms of saying an ALJ needs to provide a logical bridge from the evidence to his conclusion." *Id.* (citation modified). No such required "logical bridge" was provided in the ALJ's decision here, and the Commissioner cannot now provide a post hoc rationale. *Lothridge v. Saul*, 984 F.3d 1227, 1234–35 (7th Cir. 2021); *Camillia W. v. Bisignano*, No. 23 CV 2955, 2025 WL 2614686, at *4 (N.D. Ill. Sept. 10, 2025).

For the reasons stated above, the Court finds that it cannot determine if the ALJ's decision regarding plaintiff's RFC was supported by substantial evidence. This error was not harmless. The vocational expert testified that if plaintiff were required to use a walker, she would be "preclude[d] [from] competitive work." [12-1] 64. As such, the Court finds that this case must be remanded for further proceedings.

Having found that the ALJ's determination of plaintiff's need for a cane, but not a walker, as part of her RFC constitutes a reversible error requiring remand, the Court need not address plaintiff's remaining contentions as to how the ALJ erred. On remand, the ALJ should also ensure he explains the required factors regarding how persuasive he finds each medical opinion or prior administrative finding. *See, e.g.*, *Victor F.*, 2023 WL 2429357, at *3.

## Conclusion

Plaintiff's motion to reverse and remand [17] is granted and defendant's motion for summary judgment [18] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: March 30, 2026**

5